UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARYL LEE MADDEN          ]
    Petitioner,         ]
                          ]
v.                        ]     No. 3:05-1095
                          ]     Judge Campbell
ROBERT WALLER, WARDEN     ]
    Respondent.         ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Robert Waller, Warden of the prison and petitioner's custodian, seeking a writ of habeas corpus.

On February 18, 2000, a jury in Davidson County found the petitioner guilty of first degree felony murder, especially aggravated robbery and second degree murder. Because the murder convictions arose from the death of a single individual, the trial court merged these convictions. For his crimes, the petitioner received consecutive sentences of life imprisonment plus twenty five (25) years. Docket Entry No. 10; Appendix No. 1; Addendum No. 1 at pgs. 32 - 44.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. State v. Madden, 99 S.W.3d 127 (Tenn. Crim. App. 2002). The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 10; Appendix No. 21; Addendum No. 7.

In December, 2002, the petitioner filed a *pro se* petition for state post-conviction relief. Docket Entry No. 10; Appendix No. 22; Addendum No. 8 at pgs. 1 - 15. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 10; Appendix No. 22; Addendum No. 8 at pgs. 59 - 77. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 10; Appendix No. 31; Addendum No. 12. The Tennessee Supreme Court then once again rejected the petitioner's application for additional review. Docket Entry No. 10; Appendix No. 33; Addendum No. 14.

On December 21, 2005, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). The petition contains four primary claims for relief. These claims include :

(1) trial counsel was ineffective because he[1]
   a) only met with the petitioner approximately four times prior to trial;
   b) did not discuss the prosecution's case with the petitioner;
   c) failed to contact potential witnesses or investigate the case;
   d) failed to impeach the testimony of a prosecution witness (Lisa Green);
   e) neglected to have a transcript made of the preliminary hearing;
   f) failed to have blood stains tested;
   g) did not object to jurors sleeping during the trial; and
   h) failed to make use of the victim's medical records.

(2) appellate counsel was ineffective for failing to raise the question of whether a metal tipped cowboy boot could

---

[1] The petitioner retained F. Michie Gibson, a member of the Davidson County Bar, to represent him at trial.

(3) the evidence was not sufficient to sustain petitioner's convictions.

(4) the petitioner was denied an effective appeal because the transcript of the evidence was inaccurate.

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 9) to the petition, to which the petitioner has offered no reply. Upon consideration of this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged

---

[2] On direct appeal, the petitioner was represented by Cynthia Fort, a member of the Nashville Bar.

3

violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner has alleged that he was denied the effective assistance of counsel because his attorney failed to have blood stains tested (Claim No. 1f) and neglected to raise a particular issue for review on direct appeal (Claim No. 2). A review of the record shows that these claims were never raised in the state appellate courts for consideration. Docket Entry No. 10; Appendix No. 29; Addendum No. 10. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

The petitioner has shown neither cause for his failure to properly exhaust these claims nor any prejudice arising from them. Therefore, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.

The petitioner's remaining claims, i.e., the ineffective assistance of trial counsel (Claim No. 1a-e, g-h), the insufficiency of the evidence (Claim No. 3) and the inaccuracy of the trial transcript (Claim No. 4) were fully litigated in the state courts on either direct appeal or during post-conviction proceedings and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court

5

judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

The question of counsel's effectiveness was addressed by the state courts during petitioner's post-conviction proceedings. The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. In its opinion affirming the denial of post-conviction relief, the Tennessee Court of Criminal Appeals noted

> Counsel also testified. He explained that his trial strategy was to illustrate for the jury that the Defendant may have been involved in the initial assault on the victim, but he did not participate in the beating that caused the victim's death. Counsel planned from the beginning on having the Defendant testify. Counsel's strategy deliberately did not include trying to convince the jury that the victim died because he had been uncooperative at the hospital. Counsel obtained discovery from the State and wrote and subpoenaed many witnesses. He discussed the case with the Defendant multiple times. He reviewed the reports complied by Mr. Fowler. He listened to the tape of the preliminary hearing

6

> several times and attempted to cross-examine a witness about discrepancies between her testimonies.
>
> The trial judge entered a comprehensive order denying relief in which she specifically found Counsel to have been a credible witness. As to the allegations regarding sleeping jurors, the court found that the Defendant had failed to prove by clear and convincing evidence that any jurors had slept during his trial, or that he had suffered any prejudice in the event any of them had been asleep. Counsel's performance was not deficient in failing to request the judge's recusal because she had not been involved in the defendant's prior prosecution. The victim's medical records, which had been introduced at trial, belied the Defendant's claim that the victim died as a result of his failure to cooperate with medical personnel. Accordingly, Counsel did not perform deficiently in failing to pursue this theory of defense. The Defendant failed to demonstrate any prejudice accruing as the result of Counsel's failure to call witnesses because the Defendant failed to produce these witnesses at the post-conviction hearing. The Defendant failed to demonstrate that Counsel did not adequately prepare for trial or that there was any additional evidence that Counsel should have presented that would have changed the outcome of the trial. The jury's decision came down to a matter of which witnesses it believed, and it rejected the Defendant's version of who kicked the victim to death.

Docket Entry No. 10; Appendix No. 31; Addendum No. 12 at pgs. 2-3.

The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Therefore, petitioner's ineffective assistance claims have no merit.

The petitioner challenges the sufficiency of the evidence to support his convictions for especially aggravated robbery and murder. The right to due process guaranteed to us by the

7

Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as "the evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. Id, at 99 S.Ct. 2789.

All reasonable inferences that could be drawn from the evidence showed that the petitioner forcibly removed the victim from the bar where they both had been drinking. The petitioner then, with the help of his co-defendant (Marty Dale Williams), struck the victim several times.[4] The victim did not resist the attack and remained "completely passive". Both petitioner and his accomplice intimidated bystanders who tried to intercede on behalf of the victim. They took items including money from the victim's pockets. Some of the victim's property was later recovered from the petitioner. The victim subsequently died from injuries suffered during the attack. Docket Entry No. 10; Appendix No. 19; Addendum No. 5 at pgs. 7-10. The evidence in this case was more than sufficient to support a finding that the petitioner had committed especially aggravated robbery and murder.

The court reporter became ill on the third day of petitioner's trial. For a part of the trial, therefore, it became necessary to use a substitute court reporter. The substitute reporter's trial notes were illegible and could not be transcribed, forcing the owner of the court reporting agency to decipher the substitute's outline using context clues, rewrite the transcript on her steno

---

[4] Especially aggravated robbery requires the use of a deadly weapon. Tenn. Code Ann. § 39-13-403(a). In this case, the deadly weapon was a pair of metal tipped cowboy boots that were used to repeatedly kick the victim while he was lying on the ground.

8

machine and translate it through a computer program. The petitioner's final claim is that he was denied an effective appeal because the transcript of the evidence, as produced in this manner, was inaccurate.[5]

In response to this claim, the Tennessee Court of Criminal Appeals held

> Madden asserts the trial court erroneously certified an unreliable transcript, but Madden fails to specify any significant information that was improperly included or excluded. The trial judge announced she took "very detailed notes" of the challenged testimony, compared the transcript to her notes, concluded the transcript was "incredibly accurate", and certified it. Madden has offered no proof of "extraordinary circumstances" that would dispute this finding; thus, the trial court's certification is "conclusive". *Citation omitted.* This issue is without merit.

Docket Entry No. 10; Appendix No. 19; Addendum No. 5 at pg. 14.

The petitioner contends that there are "omissions and variances" in the transcript that "create a presumption of unreliability of the proof". Docket Entry No. 10; Appendix No. 17; Addendum No. 3 at pg. 24. However, the petitioner has neglected to identify these "omissions and variances". Nor has the petitioner identified a specific instance in which the transcript of evidence, as it is currently composed, prejudiced his ability to effectively appeal his convictions. Therefore, this claim has no merit.

Having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. The Court finds, therefore, that the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Consequently, the petition shall be denied and this action

---

[5] Audio tapes of the trial were available but were partially inaudible.

9

Case 3:05-cv-01095   Document 11   Filed 05/03/06   Page 9 of 10 PageID #: 1857

will be dismissed.

        An appropriate order will be entered.

                                                                          /s/ Todd Campbell
                                                                 Todd Campbell
                                                                United States District Judge